United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Angelina Charles  
     Debtor

Case No. 18-11710-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: JEGilmore     Page 1 of 1     Date Rcvd: Nov 19, 2018  
                          Form ID: pdf900     Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 21, 2018.  
db         +Angelina Charles,    6322-6324 N. Norwood Street,    Philadelphia, PA 19138-2530

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
smg         E-mail/Text: megan.harper@phila.gov Nov 20 2018 02:46:30     City of Philadelphia,  
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,  
                Philadelphia, PA  19102-1595  
smg         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 20 2018 02:46:16  
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,  
                Harrisburg, PA  17128-0946  
smg        +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 20 2018 02:46:27     U.S. Attorney Office,  
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404  
                                                                                                                           TOTAL: 3

              ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 21, 2018                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 19, 2018 at the address(es) listed below:  
         BRANDON J. PERLOFF    on behalf of Debtor Angelina  Charles bperloff@kminjurylawyers.com,  
          kmecf1429@gmail.com  
         KEVIN G. MCDONALD    on behalf of Creditor   The Bank of New York Mellon FKA The Bank of New York,  
          as Turstee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series  
          2006-22 bkgroup@kmllawgroup.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com  
                                                                                                                     TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Angelina Charles<br>    Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for The Bank of New York Mellon FKA The Bank of New York, as Turstee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22<br>    Movant<br>vs. | NO. 18-11710 MDC<br><br>11 U.S.C. Section 362 |
| Angelina Charles<br>    Debtor | |
| William C. Miller Esq.<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,355.55**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2018 to November 2018 at $471.11/month |
| **Total Post-Petition Arrears** | **$2,355.55** |

2. The Debtor shall cure said arrearages in the following manner;

a). Beginning on December 1, 2018 and continuing through May 1, 2019, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$471.11** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$392.60 from December 2018 to April 2019 and $392.55 for May 2019** towards the arrearages on or before the last day of each month at the address below;

Specialized Loan Servicing LLC
P.O. Box 636007
Littleton, Colorado 80163

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 5, 2018

By: /s/ Kevin G. McDonaldm, Esquire
Kevin G. McDonald, Esquire

Date: November 12, 2018

/s/ Brandon J. Perloff, Esquire
Brandon J. Perloff, Esquire
Attorney for Debtor

Date: 11/13/18

William C. Miller, Esquire
Chapter 13 Trustee

no position

*without prejudice to any trustee rights or remedies

Approved by the Court this __19th__ day of _____November_____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman